# Federal Defenders

## OF NEW YORK, INC.

Southern District
52 Duane Street, 10th Floor
New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Tamara Giwa
*Executive Director*

Jennifer L. Brown
*Attorney-in-Charge*

July 22, 2026

***By Email & CM/ECF***
The Honorable Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

>    Re:   ***United States v. Mohammad Al-Saadi***
>          **26 Cr. 220 (CM)**

Dear Judge McMahon:

We write to respectfully request that the Court hold a conference regarding BOP's implementation of Special Administrative Measures ("SAMs") against Mr. Al-Saadi, and to address how it affects his concerns about the role of defense counsel.

On June 25, 2026, Acting Attorney General Todd Blanche issued a memorandum imposing SAMs on Mr. Al-Saadi pursuant to 28 C.F.R. § 501.3. *See* Exhibit A (SAMs memorandum, filed under seal). The SAMs prevent Mr. Al-Saadi from communicating directly with anyone except his legal team and immediate family members; restrict his legal team and immediate family from communicating with third parties on his behalf; and limit his access to media and other written materials. Indeed, in anticipation of imposing SAMs, the government has kept Mr. Al-Saadi in complete solitary confinement since his presentment on May 15, 2026.

The defense is preparing a constitutional and statutory challenge to the SAMs, which we plan on filing in advance of the September 9 conference. The purpose of this letter, however, is not to challenge any particular provision of the SAMs. Rather, it is to bring to the Court's attention issues concerning BOP's implementation of the SAMs' newsprint and publication restrictions, and its impact on the attorney-client relationship.

Mr. Al-Saadi may not receive any non-legal reading materials until after the MDC warden forwards it to the FBI and the FBI approves. Section 3.g of the SAMs (Ex. A, pages 12-14). This procedure applies even to commercial books, newspapers, magazines, letters from his immediate family, and almost anything else that he could possibly read. On July 7, 2026, the defense hand delivered PDF printouts of two Arabic language books that we obtained online to MDC Brooklyn and placed the parcel in the legal mailbox. The defense simultaneously emailed MDC Brooklyn's legal department about the package and its contents, and we acknowledged that the publications were subject to the SAMs monitoring restrictions set forth under Section 3.g.

The defense understands that the FBI promptly reviewed and cleared the publications for Mr. Al-Saadi's consumption shortly after we delivered them to MDC Brooklyn. However, BOP has not yet delivered the materials to Mr. Al-Saadi. In fact, it is only after raising that we would file this letter that BOP assured the government that Mr. Al-Saadi will receive the books tomorrow.

Given Mr. Al-Saadi's total isolation, punctuated only by visits with defense counsel and thrice-monthly calls with his immediate family members, Mr. Al-Saadi's access to reading materials in Arabic is paramount. Although Mr. Al-Saadi is completely unfamiliar with the federal justice system, he rightly expects his attorneys to help him navigate and prepare for the prospect of interminable solitary confinement. However, in endeavoring to explain the SAMs to Mr. Al-Saadi and how they constrain what we can do as defense counsel, we have become the face of the restrictions, and our inability to, *e.g.*, achieve timely delivery of uncontroversial reading materials is placing tremendous strain on the attorney-client relationship. It is even giving Mr. Al-Saadi the misimpression that he would be better off without any counsel at all. The defense therefore respectfully requests that the Court convene a conference to address these issues and BOP's implementation of the SAMs as soon as practicable.

Respectfully Submitted,

Andrew John Dalack, Esq.
Benjamin Silverman, Esq.
Assistant Federal Defenders
Tel: 646-315-1527

Cc:    Government counsel

2