**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

July 24, 2026

**By ECF**
The Honorable Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: *United States v. Mohammad Baqer Saad Dawood Al-Saadi*, 26 Cr. 220 (CM)**

Dear Judge McMahon:

The Government respectfully submits this letter in response to defense counsel's July 22, 2026 letter regarding the U.S. Bureau of Prison's ("BOP") implementation of certain Special Administrative Measures ("SAMs"), which purportedly delayed the defendant's receipt of two publications that counsel had provided to the BOP for delivery to the defendant, and requesting a conference. *See* Dkt. 12.[1] As set forth below, the Government understands from the BOP that those publications are being delivered to the defendant today, despite defense counsel not having followed the standard protocol for providing such materials to the BOP.

As the Court is aware, the defendant is charged in eight counts with terrorism offenses stemming from his provision of material support to U.S.-designated foreign terrorist organizations—the Islamic Revolutionary Guard Corps ("IRGC") and Kata'ib Hizballah—and his directing and promoting numerous attacks and attempted attacks on civilians and civilian infrastructure in the United States and Europe. *See* Dkt. 6. The evidence of the defendant's commission of those crimes includes, among other things, electronic evidence from the defendant's devices and social media accounts reflecting the defendant's close relationship with senior IRGC leadership, his involvement in numerous terrorist attacks, and his direction and urging of others to kill Americans and Jews. In his post-arrest statement, the defendant also made numerous admissions regarding his involvement in the charged conduct.

The defendant has been detained at the Metropolitan Detention Center in Brooklyn, New York ("MDC") since on or about May 14, 2026. On or about June 25, 2026, the U.S. Office of the Attorney General placed the defendant on SAMs, after finding that there is substantial risk that his communications or contacts with persons could result in death or serious bodily injury to persons, or substantial damage to property that would entail the risk of serious bodily injury to persons. *See* Dkt. 12, Ex. A. The SAMs, among other things, preclude the defendant from communicating with third parties other than his legal team and immediate family members. They

[1] The defendant is not, at this time, challenging the SAMs. *See* Dkt. 12 at 1.

also require the Federal Bureau of Investigation ("FBI") to review and analyze the defendant's incoming non-legal mail, before the BOP may deliver any such materials to the defendant. As relevant here, for such materials, the FBI "shall forward [the defendant's] non-legal mail to [BOP] for delivery to the inmate . . . after a review and analysis period of . . . [a] reasonable time not to exceed [60] business days for any mail that includes writing in any language other than English, to allow for translation" or "for any mail where the federal government has reasonable suspicion to believe that a code as used, to allow for decoding." *See* Dkt. 12, Ex. A at 13. With respect to "mass communications," including "publications/newspapers," the defendant "may have access" to such materials "determined not to facilitate criminal activity or be detrimental to national security; the security, good order, or discipline of the institution; or the protection of the public," which determination "is to be made by [the BOP], in consultation" with the Government. *Id*. at 15. "[I]f translations" and/or the FBI's "expertise" are needed "to make that determination," the FBI shall inform the BOP of the FBI's analysis within 14 business days. *Id.*

Earlier this week, the Government was informed by defense counsel that, on or about July 7, 2026, defense counsel hand-delivered to the MDC "PDF printouts of two Arabic language books," Dkt. 12 at 1, and placed them in the legal mailbox, which the defendant had not yet received as of July 22, 2026. Defense counsel then filed a letter notifying the Court about this purported delay and requesting a conference. As an initial matter, as described above, the SAMs provide up to 60 days for the FBI and BOP to translate, review, approve, and provide such materials to the defendant. In any event, the Government understands from the BOP that the reason the defendant had not yet received those publications as of the filing of counsel's July 22 letter was because defense counsel did not follow the standard protocol (*i.e.*, delivering the materials by mail as opposed to by hand) for providing such materials to the BOP. This protocol applies to all inmates, regardless of SAMs. Nevertheless, at the Government's request, the BOP agreed to excuse defense counsel's administrative error and, assuming the publications did not violate the SAMs, proactively deliver them to the defendant as soon as possible. The Government has confirmed with the BOP that the materials will be delivered to the defendant today, if they have not already been delivered. In other words, within fewer than 14 business days, the defendant will have received the two non-English publications referenced in counsel's July 22 letter.

Finally, to the extent the defendant requests a conference to address any potential issues relating to his representation, the Government has no objection to that request.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By: ______________________________

Jeffrey W. Coyle/Sarah L. Kushner/
David J. Robles
Assistant United States Attorneys
Southern District of New York
(212) 637-2437/2676/2550