Federal Defenders
OF NEW YORK, INC.

Southern District
52 Duane Street, 10th Floor
New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Tamara Giwa
*Executive Director*

Jennifer L. Brown
*Attorney-in-Charge*

November 10, 2026

***By ECF & Email***
Honorable Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:** ***United States v. Mohammad Al-Saadi***
**26 Cr. 220 (CM)**

Dear Judge McMahon,

We write to update the Court on behalf of the parties about BOP's implementation of the November 2nd Order that Mr. Al-Saadi be permitted contact visits with his attorneys effective immediately.

After receiving the Order last week, the parties immediately contacted MDC Brooklyn's legal counsel, who notified the parties that a modification to the SAMs was necessary to facilitate Mr. Al-Saadi's transfer to and from the SAMs unit for contact visits with counsel. Subsequently, the attorneys for the Government worked expeditiously to obtain the necessary modifications to the SAMs, which the Office of Enforcement Operations approved and implemented near the end of last week. Thus, although Mr. Al-Saadi was unable to have contact visits with undersigned counsel last week while the necessary modifications to the SAMs were pending, we were able to have a contact visit with him earlier today. We are also in the process of establishing a schedule for legal visits with MDC Brooklyn to facilitate contact visits moving forward. To the extent any issues arise with respect to these visits that the parties cannot resolve or that otherwise require the Court's attention, the defense will promptly raise those with the Court.

The defense writes separately to flag another issue regarding contact legal visits. As we experienced today, MDC Brooklyn plans to host the visits in the

special housing unit (SHU) on the ninth floor of the facility. The defense takes no position on meetings in the SHU, but we do object to Mr. Al-Saadi being subjected to physical restraints during his contact meetings with counsel.[1] MDC Brooklyn requires that all SHU detainees who desire contact visits with counsel remain shackled during their visits. Unlike Mr. Al-Saadi, however, SHU detainees are in the SHU for their own protection and/or for punitive and disciplinary reasons. Accordingly, regardless of whether MDC Brooklyn's use of restraints on other SHU detainees during their contact visits with counsel is appropriate, Mr. Al-Saadi should be afforded contact visits without restraints, just like any other MDC Brooklyn detainee in general population.

Legal visits in the SHU are highly secure. Each visit occurs in an individual room with thick metal doors that remain locked throughout. When an attorney visits a client in the SHU, the attorney typically arrives first and is locked inside the room. Correctional officers then bring the client directly to the room, unlock the metal door only long enough for the client to enter, and then lock the door again. The only items inside the room are two or three plastic chairs, a table that is bolted to the wall and the floor, and whatever other items the attorney brings to the visit. No one can leave the locked room until the attorney presses a button to indicate the visit is over. Once that happens, a correctional officer eventually comes, instructs the client to place their hands into a windowed slat while standing backwards, cuffs the client, and only then unlocks the metal door to escort the attorney downstairs.

Until recently, MDC Brooklyn did not require clients to remain shackled during contact visits in these SHU rooms.[2] Although clients were brought to the SHU visiting rooms in handcuffs, once locked inside, they would put their hands through a metal slat in the door for a correctional officer to remove the handcuffs and allow a visit without restraints. Now, however, while all the restrictive conditions of the SHU visiting room remain, MDC Brooklyn requires clients in the SHU to be physically restrained during legal contact visits. The restraints consist of heavy-duty chains wrapped around the waist with handcuffs tethered to the sides

---

[1] During our approximately two-hour-long meeting with Mr. Al-Saadi earlier today, he was restrained the entire time by leg irons and through front handcuffs affixed to a chain wrapped around his stomach, which prevented him from moving his arms or hands.

[2] And while MCC New York was operational, SHU detainees were able to meet with their attorneys in dedicated SHU meeting rooms without restraints.

that are often so tight they cause pain and visible marks around the wrists. They make longer legal visits physically taxing and extremely uncomfortable for clients, as they are literally unable to move their arms to read a motion, write, or even shake hands. Clients regularly complain that the handcuffs are so tight as to cause physical pain.

The Court already noted in its Order granting in part, denying in part the defense motion to vacate or modify the SAMs that "[t]he Government has never argued that it lacks the facilities or the personnel to provide client-counsel contact visits that would not present a danger to the defendant, his lawyers or anyone else," and that "[t]here is no evidence that the conditions in these [contact] rooms are such that those visits would be unsafe for anyone." Dkt. No. 32 at 10-11. Particularly given Mr. Al-Saadi's clean institutional disciplinary record, and the Court's Order that the contact visits must permit us to "conduct a meaningful review of documents and other discovery materials," the restraints are unwarranted and the defense objects to their use. *Id.* at 11. The defense respectfully requests that the Court issue an Order directing MDC Brooklyn to afford Mr. Al-Saadi contact legal visits without restraints that effectively eliminate his ability to move his arms.

The Government has conferred with BOP about this request and BOP has informed the Government of its position, as follows:

It is the policy and practice of MDC Brooklyn, consistent with the authority and discretion of the Federal Bureau of Prisons, to require inmates housed in SHU to remain in restraints during legal visits when deemed necessary to maintain institutional security. This applies to all inmates meeting with their attorneys in the SHU, and is not specific to the defendant. This is designed to ensure the safety of staff, inmates, attorneys, and visitors. Decisions regarding the use of restraints is within the discretion of BOP's correctional supervisors who are responsible for preserving the secure and orderly operation of the institution and who possess the expertise necessary to assess and respond to security risks. The use of restraints during legal visits serves legitimate and essential objectives, including preventing violence, escape attempts, the introduction or exchange of contraband, and other conduct that could compromise institutional safety. The fact that an inmate remains restrained during a legal visit does not impede the inmate's ability to communicate with counsel, but rather reflects a reasonable and necessary security precaution designed to balance access to counsel with the institution's overriding

obligation to protect the safety and security of all persons within the facility. Accordingly, requiring SHU inmates to remain restrained during legal visits constitutes a proper exercise of institutional judgment and discretion, directly advancing the Bureau's compelling interest in maintaining the safe, secure, and orderly operation of MDC Brooklyn.

Notwithstanding BOP's position, the defense maintains that there is no rational penological interest in keeping Mr. Al-Saadi in physical restraints while he meets with his attorneys in an otherwise secured and locked room. Accordingly, we ask that the Court direct MDC Brooklyn to permit Mr. Al-Saadi contact legal visits with his attorneys without handcuffs or other restraints.

Respectfully submitted,
/s/
Andrew John Dalack
Benjamin Silverman
Hana Yamahiro
Assistant Federal Defenders
Tel.: (212) 417-8768

Cc: Counsel of Record (by ECF)
Mohammad Al-Saadi (by legal mail)