**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, NY 10278*

November 19, 2026

**BY ECF**
The Honorable Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: *United States v. Mohammad Baqer Saad Dawood Al-Saadi*, S1 26 Cr. 220 (CM)**

Dear Judge McMahon:

The Government respectfully writes in response to the Court's November 2, 2026 order regarding the defendant's potential request to proceed *pro se* in this case. The Court scheduled a status conference and hearing pursuant to *Faretta v. California*, 422 U.S. 806 (1975), for November 19, 2026 at 2:30 p.m. At that *Faretta* hearing, the Government respectfully requests that the Court make certain inquiries of the defendant to enable the Court to make findings on the record as to (1) whether the defendant is competent to waive his right to counsel, *see Indiana v. Edwards*, 554 U.S. 164 (2008), and (2) whether he does in fact intend to waive his right to counsel and does so knowingly, voluntarily, intelligently, and unequivocally. Attached for the Court's consideration is a proposed advice of rights (Exhibit A) and list of questions for the Court's potential colloquy with the defendant (Exhibit B).

## I. Applicable Law

The Sixth Amendment guarantees a criminal defendant the right to self-representation. *Faretta*, 422 U.S. at 818-21. However, the right to self-representation is not absolute. A defendant may exercise his constitutional right to proceed *pro se* only if the court assures itself that the defendant is competent to stand trial and finds that the waiver of the right to counsel is made voluntarily, knowingly, and intelligently. *Id.* at 836; *United States v. Culbertson*, 670 F.3d 183, 193 (2d Cir. 2012); *United States v. Fore*, 169 F.3d 104, 108 (2d Cir. 1999). Further, even where a defendant is competent to stand trial and makes a voluntary, knowing, and intelligent waiver of his right to counsel, a court may deny the defendant's application to proceed *pro se* if it finds that the defendant is not competent to represent himself at trial. *See Edwards*, 554 U.S. at 164.

## II. Competency to Stand Trial

Before permitting a defendant to waive the right to counsel, a court must assure itself that the defendant is competent to stand trial. *Godinez v. Moran*, 509 U.S. 389, 400 (1993). Competency to stand trial requires the ability to understand the nature of the proceedings, to consult with counsel, and to assist counsel in preparing a defense. *Drope v. Missouri*, 420 U.S.

162, 171 (1975). The law does not mandate an explicit competency determination in every case in which a defendant seeks to proceed *pro se*. *See Godinez*, 509 U.S. at 401 n.13 ("As in any criminal case, a competency determination is necessary only when a court has reason to doubt the defendant's competence."). Rather, "to make a determination of competency, the district court should consider the behavior, demeanor, and prior psychiatric history of the defendant." *United States v. Turner*, 644 F.3d 713, 721 (8th Cir. 2011).

## III. Unambiguous Request to Waive the Right to Counsel

Because self-representation "relinquishes . . . many of the traditional benefits associated with the right to counsel," *Faretta*, 422 U.S. at 835, the right to self-representation does not attach unless it is asserted "clearly and unequivocally," *Wilson v. Walker*, 204 F.3d 33, 37 (2d Cir. 2000). The Court must ensure that the defendant is not "vacillating on the issue," *id.*, and understands that "[e]ven when [a defendant] insists that he is not waiving his *Faretta* rights, a *pro se* defendant's solicitation of or acquiescence in certain types of participation by [standby] counsel substantially undermines later protestations that counsel interfered unacceptably." *McKaskle v. Wiggins*, 465 U.S. 168, 182 (1984). As the Second Circuit has explained:

> The purpose of requiring that a criminal defendant make an "unequivocal" request to waive counsel is twofold. First, unless the request is unambiguous and unequivocal, a convicted defendant could have a colorable Sixth Amendment appeal regardless of how the trial judge rules: if his request is denied, he will assert the denial of his right to self-representation; if it is granted, he will assert the denial of his right to counsel. Second, the requirement of an unambiguous and unequivocal request inhibits any deliberate plot to manipulate the court by alternatively requesting, then waiving counsel.

*Williams v. Bartlett*, 44 F.3d 95, 100-01 (2d Cir. 1994) (cleaned up). Thus, in order to protect the integrity of proceedings before the Court, the Second Circuit has recognized that "the request may be denied if the district court finds it to be 'obstructionist' or 'manipulative or abusive in some other way.'" *United States v. Kerr*, 752 F.3d 206, 220 (2d Cir. 2014), as amended (June 18, 2014) (quoting *Williams*, 44 F.3d at 101).

## IV. Voluntary, Knowing, and Intelligent Waiver

Finally, the court must also determine that the defendant's waiver of counsel is voluntary, knowing, and intelligent. To that end, the court should engage in an "on-the-record colloquy" with the defendant. *See United States v. Schmidt*, 105 F.3d 82, 90 (2d Cir. 1987). While this colloquy is not required to follow any particular form,

> [t]he court should conduct a "full and calm discussion" with defendant during which he is made aware of the dangers and disadvantages of proceeding *pro se*. The content of that discussion normally includes a discussion of "the nature of the charges, the range of allowable punishments, and the risks of self-

> representation." . . . The extent of the discussion will depend upon the circumstances of the case.

*Fore*, 169 F.3d at 108 (citations omitted); *see Culbertson*, 670 F.3d at 193 ("Without resort to any particular talismanic procedures, a district court should establish that the defendant understood that he had a choice between proceeding *pro se* or with assigned counsel, understood the advantages of having one trained in the law to represent him, and had the capacity to make an intelligent choice." (internal quotation marks omitted)).

The colloquy should also include a discussion of the limitations of self-representation. For example, the court should establish that the defendant understands, among other things, that: (1) the trial judge "is under no duty to provide personal instruction on courtroom procedure," *see Martinez v. Court of Appeal of Cal.*, 528 U.S. 152, 162 (2000); (2) the trial judge may appoint standby counsel if necessary, even over the defendant's objection, *see Faretta*, 422 at 834; *see also Martinez*, 528 U.S. at 162 (noting that standby counsel "may participate in the trial proceedings, even without the express consent of the defendant, as long as participation does not seriously undermine the appearance before the jury that the defendant is representing himself" (internal quotation marks omitted)); (3) "[o]nce a defendant exercises his constitutional right to defend himself and proceed *pro se*, he does not have the absolute right to thereafter withdraw his request for self representation and receive substitute counsel," *see United States v. Merchant*, 992 F.2d 1091, 1094 (10th Cir. 1993); *see also United States v. Solina*, 733 F.2d 1208, 1211-12 (7th Cir. 1984); and (4) a defendant who elects to proceed *pro se* "has no constitutional or statutory right to represent himself as co-counsel with his own attorney," *United States v. Tutino*, 883 F.2d 1125, 1141 (2d Cir. 1989); *see also Schmidt*, 105 F.3d at 90 ("[T]here is no constitutional right to hybrid representation.").

## V. Competency to Proceed *Pro se*

Even where a defendant is competent to stand trial and his waiver of the right to counsel is voluntary, knowing, and intelligent, a court may nevertheless reject the defendant's request to proceed *pro se* if the court finds that the defendant lacks the mental capacity to put on a defense at trial. *See Edwards*, 554 U.S. at 176-78. The *Edwards* Court concluded that "the Constitution permits judges to take realistic account of the particular defendant's mental capacities by asking whether a defendant who seeks to conduct his own defense at trial is mentally competent to do so." *Id.* at 177-78; *see id.* at 175-76 (noting that "[i]n certain instances an individual may well be able to satisfy *Dusky*'s mental competence standard, for he will be able to work with counsel at trial, yet at the same time he may be unable to carry out the basic tasks needed to present his own defense without the help of counsel") (citing *McKaskle*, 465 U.S. at 174 (describing trial tasks as including organization of defense, making motions, arguing points of law, participating in voir dire, questioning witnesses, and addressing the court and jury)).

The Second Circuit, along with several other Courts of Appeals, has construed *Edwards* to confer discretion, not to impose a separate duty. In other words, *Edwards* authorizes, but does not require, district courts to reject otherwise valid requests to proceed *pro se* where the record indicates that the defendant, while competent to stand trial, lacks the capacity to put on a defense. *See United States v. Siddiqui*, 699 F.3d 690, 705 (2d Cir. 2012) ("*Edwards* holds that a court may require that trial counsel appear on behalf of a mentally ill defendant, not that it must do so.");

*United States v. Turner*, 644 F.3d 713, 724 (8th Cir. 2011) (stating that "*Edwards* clarified that district court judges have discretion to force counsel upon" certain defendants but "does not mandate two separate competency findings for every defendant who seeks to proceed *pro se*") (internal citation omitted); *United States v. Berry*, 565 F.3d 385, 391 (7th Cir. 2009) ("The Constitution may have allowed the trial judge to block his request to go it alone, but it certainly didn't require it.") (emphasis omitted); *United States v. Ferguson*, 560 F.3d 1060, 1070 n.6 (9th Cir. 2009) ("*Edwards* does not compel a trial court to deny a defendant the exercise of his or her right to self-representation; it simply permits a trial court to require representation for a defendant who lacks mental competency to conduct trial proceedings."); *United States v. DeShazer*, 554 F.3d 1281, 1290 (10th Cir. 2009) ("[W]hile the district court was not compelled to find [the defendant] competent to waive his right to counsel simply because the court had found him competent to stand trial, it does not follow that the district court was absolutely prohibited from doing so.").

Thus, "[t]he matter of whether a defendant must be allowed to represent himself at trial requires answers to two principal questions: whether the defendant is competent to represent himself at trial, and whether the request to proceed *pro se* is genuine." *United States v. Barnes*, 693 F.3d 261, 270 (2d Cir. 2012) (citing *Edwards*, 554 U.S. at 170, 177-78, and *Faretta*, 422 U.S. at 817).

**VI. Discussion**

Consistent with these legal principles, the Government respectfully requests that the Court conduct a colloquy with the defendant that incorporates the areas of inquiry suggested by the Supreme Court and the Second Circuit outlined above, in order to ensure that the defendant's waiver of his Sixth Amendment right to counsel is made knowingly, intelligently, and voluntarily. Such a hearing would determine that the defendant does in fact intend to waive his right to counsel, *see Barnes*, 693 F.3d at 271 ("[E]ven after the right to proceed *pro se* has been clearly and unequivocally asserted, the right may be waived through conduct indicating that one is vacillating on the issue or has abandoned one's request altogether."), and that any such waiver of his Sixth Amendment right to counsel is made knowingly, intelligently, and voluntarily. For the Court's consideration, the Government has enclosed with this letter a proposed advice of rights, to be read to the defendant prior to direct questioning of him, as well as a proposed list of questions to be asked of the defendant.

In addition, in the event the Court grants the defendant's request to proceed *pro se*, the Government requests that the Court also appoint standby counsel to assist in the trial of this matter. *Faretta* expressly acknowledged that the Court "may—even over objection by the accused—appoint a 'standby counsel' to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary." 422 U.S. at 834 n.46. Notwithstanding a defendant's invocation of his right to proceed *pro se*, the Court retains the power to "terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct" without offending the defendant's Sixth Amendment rights. *Id*. Additionally, because the discovery in this case includes materials that have been designated "Attorney's Possession Only" or "Attorney's Eyes Only" under the parties' protective order in this case (Dkt. 8-1), the Government believes that the

presence of standby counsel in this matter is necessary to afford the defendant full access to the discovery in this case.

Finally, while the Government will endeavor to ensure that the defendant is adequately equipped to represent himself, the defendant is not, as of right, entitled to additional resources purely by virtue of his decision to forego representation of counsel. *See United States v. Schulte*, 17 Cr. 548 (JMF) (D.E. 552, 970, 1023); *see also Schulte*, 2023 WL 2614242, at *1 (S.D.N.Y. Mar. 23, 2023) (denying request for personal laptop, explaining "[i]t is well established that 'the right to represent oneself in criminal proceedings, [although] protected by the Sixth Amendment, . . . does not carry with it a right to state-financed library resources where state-financed legal assistance is available,' as it certainly is here") (quoting *Spates v. Manson*, 644 F.2d 80, 84-85 (2d Cir. 1981)). As Judge Furman explained in *Schulte*, "any right of access to legal resources owed to pretrial detainees 'is satisfied when the presiding courts merely offer such detainees appointed counsel or standby counsel.'" *Id.* (quoting *Stanko v. Patton*, 2007 WL 1309701, at *2-3 (D. Neb. Mar. 28, 2007)).

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney
Southern District of New York

By: ______________________
Jeffrey W. Coyle
Sarah L. Kushner
David J. Robles
Assistant United States Attorneys
(212) 637-2437/2676/2550

Enclosures: Exhibit A (Proposed General Advice to Defendant)
Exhibit B (Proposed *Faretta* Inquiry)